CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
March 31, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DENNIS M. PAINTER,<br>  Plaintiff,<br><br>v.<br><br>LPN CORENDA TOUVELL, *et al.*,<br>  Defendants. | Civil Action No. 7:24-cv-00151<br><br>By: Elizabeth K. Dillon<br>  Chief United States District Judge |

**MEMORANDUM OPINION**

Dennis Painter, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 in state court, and it was then removed to federal court by the defendants. The three remaining defendants move to dismiss for failure to state a claim. (Dkt. Nos. 6, 9.) The court granted Painter an extension of time to respond to the motions (Dkt. No. 24), but Painter has not filed any response.[1] Defendants' motions will be granted.[2]

I. BACKGROUND

Painter alleges that his constitutional rights were violated while he was detained at the Northwestern Regional Adult Detention Center. (Compl., Dkt. No. 1-1.) He names as defendants LPN Corenda Touvell, Alaniea Kovak, and Captain H. Custer. Another defendant, Shannon Sampson, was dismissed for failure of service. (Dkt. No. 23.)

Painter asserts that on November 18 and 19, 2023, he was given 100 mg of Lamictal instead of 25 mg. (Compl. at 9.) Painter had been on this medication previously, and he was put back on the medication in mid-November 2023. (*Id.* at 15.) On November 18, the dose was

---

[1] The order granting an extension of time was returned to the court as undeliverable with no forwarding address. (Dkt. No. 25.)

[2] In response to the motions to dismiss, plaintiff filed motions for an extension of time to respond, which were granted on March 3, 2025.

administered by Nurse Touvell. Painter asked Touvell if the dose was 25 mg dose, and Touvell responded affirmatively that it was a 25 mg dose. (*Id.* at 9, 15.) On November 19, Nurse Sampson, who has been dismissed from this lawsuit, administered a 100 mg dose to Painter after being asked to make sure it was a 25 mg Lamictal. (*Id.* at 9.) On November 20, Nurse Emily Tenney, who is not a party to this lawsuit, informed Painter that he had been receiving the wrong dose of medication the last two days and she was now going to give him the correct 25 mg dose. (*Id.*) At the time, his prescription was for 100 mg, but he was supposed to start at a lower dose and work up to 100 mg. (*Id.* at 19.) As a result, Painter had a rash on his face that had to be treated with Benadryl. (*Id.* at 9, 15.) He claims that the nursing staff knew about the correct dose and about the potential side effects of taking a larger dose. (*Id.* at 19.) Thus, Painter claims that defendants were deliberately indifferent to his medical needs.

The complaint refers to defendants Kovak and Custer as "secondary defendants." (*Id.* at 5.) Painter alleges that Nurse Kovak is the "head nurse and handles administrative duties and over-sees and trains nurses." (*Id.* at 8.) As for Captain Custer, she "oversees and governs supports services" and "hires and fires nurses—to include the proper training of nursing staff—verifying nurses are certifies." (*Id.*)

Painter's grievance documents are attached to his complaint. They show that Painter submitted an inmate request asking for a grievance form to complain that he was administered an incorrect dose of medication. (*Id.* at 19.) Nurse Kovak responded to the request, permitting Painter to file a grievance, and on December 2, 2023, he filed a grievance complaining about incorrect administration of medication. (*Id.* at 15, 19.) On December 14, 2023, Captain Custer responded to the grievance stating, "This is a serious issue and I have treated it as such. Training has been performed to help ensure it does not happen again." (*Id.* at 14.)

## II.  ANALYSIS

**A.  Motion to Dismiss**

When analyzing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must view all well-pleaded allegations in the light most favorable to the plaintiff.  *Kashdan v. George Mason Univ.*, 70 F.4th 694, 700 (4th Cir. 2023); *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.* at 555.  A plaintiff must "plausibly suggest an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*.  *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023).  While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

3

While the court must ordinarily confine itself to an examination of the complaint, the court may consider documents attached to the pleadings, such as plaintiff's grievance. *See Zak v. Chelsea Therapeutics Intern., Ltd.*, 780 F.3d 597, 606 (4th Cir. 2015) (courts are limited to considering the "sufficiency of the allegations set forth in the complaint and the documents attached or incorporated into the complaint").

**B.  Deliberate Indifference**

Section 1983 imposes liability on any person who, under color of state law, deprives another person of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Additionally, because liability is "determined person by person," a plaintiff must show that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *King v. Riley*, 76 F.4th 259, 269 (4th Cir. 2023).

An Eighth Amendment claim of deliberate indifference has an objective and a subjective component. *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014).  "The objective element requires a serious medical condition," and "[t]he subjective prong requires the prison official to have acted with a sufficiently culpable state of mind, specifically, deliberate indifference" to an inmate's health or safety.  *Langford v. Joyner*, 62 F.4th 122, 124 (4th Cir. 2023).

Deliberate indifference is an "exacting standard" that is not met by a showing of "mere negligence or even civil recklessness." *Jackson*, 775 F.3d at 178.  An official acts with deliberate indifference to an inmate's serious medical needs "only when he or she subjectively 'knows of and disregards an excessive risk to inmate health or safety.'" *Id.* (quoting *Farmer v.*

4

*Brennan*, 511 U.S. 825, 837 (1994)).  The official must be "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and . . . also draw the inference."  *Farmer*, 511 U.S. at 837.  "And, in addition to subjectively recognizing that substantial risk, the official must subjectively be aware that [the official's] actions were inappropriate in light of that risk."  *Cox v. Quinn*, 828 F.3d 227, 236 (4th Cir. 2016).

**B. Touvell Motion**

Painter's allegation that he developed a rash due to being given the wrong dose of medication does not state a claim against Touvell for deliberate indifference.  Plaintiff's rash is not a serious medical condition under the objective standard for Eighth Amendment claims.  *See Norwood v. Jividen*, 2023 WL 2624176, at *9 (S.D.W. Va. Feb. 28, 2023) (conclusory allegation that plaintiff suffered from "painful skin rashes . . . fails to satisfy the objective prong of the deliberate indifference standard") (citing *Rivera v. Mathena*, 795 F. App'x 169, 176–77 (4th Cir. 2019) (holding the spread of a rash on an inmate's genitals did not rise to the level of a serious medical need for Eighth Amendment purposes)).  Moreover, Painter alleges that Touvell administered the wrong dosage to him only once, and his allegations state that he asked Touvell if he was getting the 25 mg dose, and Touvell responded that she was giving him the 25 mg dose.  (Compl. at 9, 15.)  These allegations suggest that Touvell was negligent, at worst, but not that she deliberately disregarded a risk to Painter's health.

Therefore, the court will dismiss the claim against Touvell for failure to state a claim.

**C. Kovak, Custer Motion**

As noted, liability under § 1983 must be based on each defendant's own personal involvement in a constitutional violation.  Painter's allegations do not allege any personal involvement by Nurse Kovak or Capt. Custer.  Painter also cannot establish a claim for

5

supervisory liability. First, there is no plausible allegation of an underlying constitutional violation. Second, Painter has not pled the elements of a claim for supervisor liability including, for example, that defendants had actual or constructive knowledge that Touvell or any other individual engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury. *See Wilkins v. Montgomery*, 752 F.3d 214, 216 (4th Cir. 2014) (listing elements of supervisory liability).

Thus, the court will also grant the motion to dismiss filed by Kovak and Custer.

### III.  CONCLUSION

The court will grant the motions to dismiss, with leave to amend, in an appropriate order.

Entered: March 31, 2025.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge